## UNITED STATES v. P. LORILLARD COMPANY.

APPEAL FROM THE COURT OF CLAIMS.

No. 319. Argued March 13, 1925.—Decided March 23, 1925.

By Rev. Stats. § 3386, as amended, a drawback on tobacco, etc., subsequently exported, on which the tax has been paid by affixing stamps before removal from the factory, is allowed " equal in amount to the value of the stamps found to have been so affixed." *Held* applicable to an additional tax on cigarettes imposed by the Act of February 24, 1919, payment of which would have been treated in practice as evidenced by the stamps already on the goods, if they had not been removed, but which, in view of their removal, took the form of a " floor tax." C. 18, Title VII, §§ 700, 702, 40 Stat. 1057, 1116. P. 473.

58 Ct. Cls. 541, affirmed.

APPEAL from a judgment of the Court of Claims allowing recovery, by way of drawback, of taxes on cigarettes, which were exported.

*Mr. Merrill E. Otis,* Special Assistant to the Attorney General, for the United States. *Mr. Solicitor General Beck, Mr. Assistant Attorney General Lovett, Mr. Nelson T. Hartson,* Solicitor of Internal Revenue, and *Mr. Robert H. Littleton,* were on the brief.

　　*Mr. M. C. Elliott,* with whom *Mr. W. B. Bell* and *Mr.* *Forest Hyde* were on the brief, for appellee.

　　MR. JUSTICE HOLMES delivered the opinion of the Court.

　　This is a suit brought by the P. Lorillard Company to recover by way of drawback a tax paid by it upon 153,-050,000 cigarettes of its manufacture exported after the tax had been paid. The Company recovered in the Court of Claims and the United States appeals. The total was $3 a thousand and was collected under successive Acts as follows. A tax of $1.25 per thousand was imposed by Rev. Sts. § 3394 and was paid in the usual way by stamps for the amount, bought and attached to the original packages before they were removed from the factory. An additional tax of 80 cents per thousand was imposed by the Act of October 3, 1917, c. 63, § 400; 40 St. 300, 312. The cigarettes had not been removed, and the Company paid the additional tax but without attaching new stamps, the practice being to treat the payment as so much added to the cost of the old ones. Then the Act of February 24, 1919, c. 18, Title VII, § 700; 40 St. 1057, 1116, in lieu of the internal-revenue taxes then imposed, raised the tax to $3 per thousand to be paid as before by attaching and cancelling stamps. By § 702, if the goods had been removed from the factory and were held for sale on the day after the Act, a ' floor tax ' equal to the difference between the sum already paid and $3 was to be paid. These goods had been removed and the Company, having previously paid $2.05, paid the additional 95 cents. Between August 29 and November 21, 1919, these cigarettes were exported. By Rev. Sts. § 3386, amended, Act of March 1, 1879, c. 125, §16; 20 Stat. 347, a drawback on tobacco, &c., on which the tax has been paid by suitable stamps, &c., affixed before removal, is allowed, ' equal in amount to the value of the

stamps found to have been so affixed.' The Commissioner of Internal Revenue allowed the claim for the $2.05 paid under the two earlier Acts, but rejected that for the 95 cents paid under the last. The Court of Claims gave the Company judgment for $145,397.50, the amount of the rejected claim.

The argument for the Government stands on a strict adhesion to the letter of the statute giving the drawback and a narrow interpretation of even the letter of the Act. It contends that only the value of the stamps attached before removal from the factory can be recovered, and, while admitting that the second payment made after the stamps had been bought and attached can be taken as adding to their value, it denies that the payment of what the statute calls a floor tax, paid after removal of the goods, can be added in a similar way. But we are of opinion that the Court of Claims was right. When it is considered that at the time the Act allowing the drawback was passed the tax was collected wholly by stamps, it seems evident that Congress meant to carry the policy of the Constitution against taxing exports beyond its strict requirement and to let the event decide about the tax. In this case if the cigarettes still had been in the factory, the additional payment would have been treated as made for the stamps already on, if that fiction was necessary to secure the rebate. We see no insuperable difficulty in adopting the same device for a payment of the same amount under the same Act by the same people for the same goods, after they had left the factory. And if the payment should be made by a third person who had purchased from the manufacturer it seems to us that if necessary he also might be taken to stand in the manufacturer's shoes, and still to make the payment on account of the stamps. Our opinion perhaps gets some confirmation from § 1310(c)

of the Act of 1919, but we rest it upon what we have said.

A protest was not necessary at the time of payment because, apart from other reasons, at that time the event creating the right to the drawback had not come to pass.

*Judgment affirmed.*